IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

GARY HAMILTON,                    )
                                  )
        Plaintiff,                )
                                  )
        v.                        )     1:08cv1112 (JCC)
                                  )
TIMOTHY F. GEITHNER,              )
SECRETARY OF THE TREASURY,        )
                                  )
        Defendant.                )

**M E M O R A N D U M   O P I N I O N**

        This matter comes before the Court on Plaintiff's
revised "Motion for Reconsideration Under FRCP Rule 59(e), or
alternatively Motion for Leave to Amend Complaint Under FRCP Rule
59(a), or alternatively Denial of Constitutional Right to Due
Process."  Also before the Court is Plaintiff's revised Motion
for Leave to Amend Complaint and Plaintiff's Motion for Court-
Appointed Counsel.  For the reasons stated below, the Court will
deny Plaintiff's motion for reconsideration and motion to amend
the Complaint.  The Court will also deny Plaintiff's motion for
court-appointed counsel.

## I.  Background

        The background facts relevant to this Title VII
employment discrimination case are laid out in full in the
Court's Memorandum Opinion of June 15, 2009.  In that opinion and
the accompanying Order, the Court denied Plaintiff Gary

1

Hamilton's ("Plaintiff's") motion to reconsider the decision transferring his case from the District Court for the District of Columbia to this Court, denied Plaintiff's Rule 56(f) motion for an extension of time for discovery, and granted the Government's motion for summary judgment.  (Order of June 15, 2009.)

Plaintiff now asks the Court to reconsider that decision.  On June 25, 2009, he filed a consolidated motion for reconsideration and to amend the Complaint.  The motion also suggested that the Court had denied Plaintiff's constitutional right to due process.  After the Government opposed the motion, Plaintiff, continuing a trend in this case, filed a revised consolidated motion.[1]  Along the same lines, Plaintiff submitted a revised "Motion for Leave to Amend Complaint" after the Government responded to his revised consolidated motion.  On July 7, 2009, Plaintiff filed a reply brief.  The next day, he filed a separate motion asking the Court to appoint counsel for him. Finally, on July 15, 2009, Plaintiff filed a waiver of oral argument.  Plaintiff's motions are before the Court.

## II. Analysis

A. Motion for Reconsideration

Under Rule 59(e), a losing party can move to alter or amend a judgment within ten days after the entry of judgment.

---

[1] Because the Court will consider the revised consolidated motion, the Clerk of the Court may terminate the original consolidated motion, at [60]-[62].

Fed. R. Civ. P. 59(e).  The Fourth Circuit recognizes three limited grounds on which a court can grant a Rule 59(e) motion: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not [previously] available . . .; or (3) to correct a clear error of law or prevent manifest injustice."  *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citation omitted).  Mere disagreement with a court's decision does not support a post-judgment motion to reconsider. *Id.* at 1082 (citation omitted).

Plaintiff has not suggested that the controlling law has changed in his favor since the Court entered judgment.  While he makes new factual allegations in his reply memorandum, *see* Pl.'s Reply 2-4 – continuing a pattern of remembering more facts with each pleading – nothing suggests that those facts were not available previously.  Plaintiff claims that he only remembered certain facts as the litigation progressed because of post-traumatic stress disorder he experienced as a result of "reprisals" against him, which include his non-selection for the two GS-14 positions at issue in this case.  That is also a new factual allegation, but one that was wholly within Plaintiff's control and available to him.  (Pl.'s Mot. 8-9.)  Plaintiff has pointed to no new facts that were unavailable to him before the Court entered judgment.

The Court is left with Plaintiff's argument that it committed a clear legal error or caused manifest injustice by denying his Rule 56(f) motion and granting summary judgment. Plaintiff's strongest point is that the Court granted summary judgment without allowing him to depose the members of the government ranking panel who did not rank him highly enough to be considered for the job he wanted.  "[S]ummary judgment must be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986). Courts generally disfavor the granting of summary judgment when discovery has not yet taken place or remains uncompleted.  *See* 10B Charles Alan Wright et al., Federal Practice & Procedure § 2741 (3d ed. 1998).

As the Court noted in its memorandum opinion, however, a lengthy EEO investigation created an extensive record in which the recollections of witnesses were set down close in time to when the alleged discriminatory events occurred.  In this sense, the case differs significantly from *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, in which the Fourth Circuit found that the district court granted summary judgment prematurely.[2]  302 F.3d at 243-46; *see also Boyd v. Guiterrez*

---

[2] Plaintiff also cites *Chandler v. Roundebush*, 425 U.S. 861 (1976), in support of his argument that the Court should not have granted summary judgment at this stage of the litigation.  *Chandler* overturned a district

4

[sic], 214 Fed. Appx. 322, 322 (4th Cir. Jan 23, 2007).
Plaintiff's argument is founded on the purely speculative hope
that the ranking panel members will recant their sworn testimony
and reveal a long-running and intricately-planned conspiracy to
keep Plaintiff from advancing several steps up the government
service ladder.  Nothing that Plaintiff included in his Rule
56(f) affidavits – including the late-filed supplemental
affidavit that contained new factual allegations about Harriger's
allegedly discriminatory conduct – provided any reason to suggest
that this outcome was remotely possible.  *See Committee for First
Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992) (Rule
56(f) affidavit must identify "the *probable* facts not available
and what steps have been taken to obtain these facts" (*citing* 6
Moore's Federal Practice ¶ 56.24) (emphasis added)).

Courts have granted an extension of time for discovery
where plaintiffs have "demonstrated a reasonable expectation that
the [requested] discovery . . . will reveal the existence of a
genuine issue of material fact," *Sanders v. Quikstak, Inc.*, 889
F. Supp. 128, 132 (S.D.N.Y. 1995), and where, for example, the

---

court's grant of summary judgment on the administrative record and refusal to
allow discovery to proceed in a Title VII action.  The holding of the case is
that federal employees are entitled to put on a full discrimination case in
federal court, rather than simply rely on a review of administrative findings.
In the instant case, the evidence in the record showed that the Government was
entitled to summary judgment on Plaintiff's discrimination claims.  At no time
did the Court presume that Plaintiff was not entitled to press his Title VII
case in federal court.  If he had possessed a valid claim, it would have
continued to trial.

plaintiff alleged the existence of specific documentary evidence that could prove or disprove his claim, *see Williams v. Collier*, No. 08-6759, slip op. at 5-6 (4th Cir. July 22, 2009).[3]  Here, however, there is no reasonable expectation that Plaintiff's requested discovery will turn up anything new, especially as the questions that he wants to ask were substantially answered under oath and closer in time to the occurrence of the events in question.  (Gov't Exs. 13, 17.)  Plaintiff's far-fetched suppositions, which have evolved as the litigation has progressed, do not, as required, "particularly specif[y] *legitimate* needs for further discovery."  *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995) (emphasis added).  Plaintiff already has an extensive amount of information available to him. The request relies on pure conjecture.  The Court finds no reason to vacate its earlier decision.

The Court has reviewed Plaintiff's other arguments for reconsideration and does not find them persuasive; they largely re-hash Plaintiff's earlier arguments.[4]  *See Keyes v. Nat'l R.R.*

_____

[3] *See also Dachman v. Shalala*, 9 Fed. Appx. 186, 193 (4th Cir. May 18, 2001) (finding that district court did not abuse its discretion when it did not grant a Rule 56(f) motion in which the plaintiff averred that she needed certain depositions but in which the plaintiff could not produce evidence to refute the detailed explanation for why she was fired).

[4] The Court also notes that, contrary to Plaintiff's assertions that it rushed this case off of its docket, the Court granted Plaintiff two extensions of time, for a total of 53 days, to oppose summary judgment.  He did not oppose summary judgment, choosing to file, instead, a last-minute Rule 56(f) motion.  Plaintiff has attached as an exhibit to his reply memorandum a request for a stay from what appears to be a lawyer who may have been interested in representing Plaintiff.  [71]  The motion was never filed,

*Passenger Corp.*, 766 F. Supp. 277, 280 (E.D. Pa. 1991) (rejecting a motion for reconsideration that "rehash[ed]" arguments and facts previously presented).  The Court also rejects the argument that its decision trampled on Plaintiff's due process rights.  Plaintiff had more than a year and a half to hire an attorney and the Court generously granted two extensions of time during which he could have done so.  It will deny his motion for reconsideration.

B. <u>Motion to Amend the Complaint</u>

A district court cannot grant a post-judgment motion to amend unless it first vacates the underlying judgment pursuant to Rule 59(e) or Rule 60(b).  *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (citations omitted).  Because the Court will deny Plaintiff's Rule 59(e) motion and thus will not vacate the judgment, the Court cannot grant Plaintiff's motion for leave to amend the complaint.

C. <u>Motion for Appointed Counsel</u>

Finally, Plaintiff asks the Court to appoint counsel for him.  The Court will appoint counsel to a civil party only in exceptional circumstances.  *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975).  One circumstance in which courts should appoint

---

however, and Plaintiff's prospective attorney never entered an appearance in this case.  It is also worth noting that Plaintiff had more than a year and a half in which to retain counsel in this case before he sought and was granted two additional extensions of time.  That the extensions were not for as long a period of time as he would have liked provides no reason to reopen the judgment in this case.

counsel occurs when it is obvious that a *pro se* litigant has a colorable claim but lacks the capacity to present it.  *Waller v. Butkovich*, 584 F. Supp. 909, 947 (M.D.N.C. 1984).  In Title VII cases, pursuant to the statutory provision allowing a court to appoint counsel, 42 U.S.C. § 2000e-5(f)(1), courts have looked to three relevant factors: "(1) the plaintiff's financial ability to retain an attorney; (2) the efforts of the plaintiff to retain counsel; and (3) the merits of the case."  *Young v. K-Mart Corp.*, 911 F. Supp. 210, 211 (E.D. Va. 1996) (citations omitted).

The Court will not appoint civil counsel in Plaintiff's case.  Because the Court is denying his motion for reconsideration and motion to amend the complaint, Plaintiff's case at the district level is over.  If Plaintiff decides to appeal, he can apply to the Fourth Circuit for court-appointed appellate counsel.

### III. Conclusion

For the foregoing reasons, the Court will deny Plaintiff's motion for reconsideration, deny Plaintiff's motion to amend the Complaint, and deny Plaintiff's motion for appointed counsel.

An appropriate Order will issue.


July 23, 2009                                  /s/
Alexandria, Virginia          _____
                                   James C. Cacheris
                              UNITED STATES DISTRICT COURT JUDGE